NAPOLI SHKOLNIK PLLC
Jed Kirsch (JK1545)
360 Lexington Avenue, 11th Floor
New York, NY 10018
(212) 397-1000
jkirsch@napolilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GUNHEE MATTHEW JEONG,                            Civil Action No. 20-4196

                Plaintiff,

                                      **JURY TRIAL DEMANDED**

                                      **COMPLAINT**

      -against-

CHRISTOPHER SIMON,

                Defendant.
------------------------------------------------------------------x

Plaintiff GUNHEE MATTHEW JEONG, by his attorneys NAPOLI SHKOLNIK PLLC, alleges, upon information and belief as following

## JURISDICTION AND VENUE

1. On or about July 26, 2019, Plaintiff GUNHEE MATTHEW JEONG, was, and still is, a citizen and resident of the County of Suffolk, State of New York.

2. On or about July 26, 2019, Defendant CHRISTOPHER SIMON was, and still is, a citizen and resident of the County of Shenandoah, State of Virginia.

3. The cause of action arose in the County of Suffolk, State of New York.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

5. This court has jurisdiction over this action pursuant to 26 U.S.C. § 1332(a)(2).

6. Venue is proper pursuant to 26 U.S.C. §1391(b)(2).

**AS AND FOR A FIRST CAUSE OF ACTION**

7. On July 26, 2019 , defendant CHRISTOPHER SIMON**,** was the registered owner of a 2012 Mercedes motor vehicle bearing  Virginia State license plate number VUF6534.

8. On July 26, 2019 , defendant CHRISTOPHER SIMON**,** maintained the aforesaid 2012 Mercedes motor vehicle bearing  Virginia State license plate number VUF6534.

9. On July 26, 2019,  defendant CHRISTOPHER SIMON, managed the aforesaid 2012 Mercedes motor vehicle bearing  Virginia State license plate number VUF6534.

10. On July 26, 2019, the defendant, CHRISTOPHER SIMON, inspected the aforementioned 2012 Mercedes motor vehicle bearing Virginia State license plate number VUF6534 prior to its operation.

11. On July 26, 2019 , the defendant, CHRISTOPHER SIMON, leased the aforesaid 2012 Mercedes motor vehicle bearing  Virginia State license plate number VUF6534.

12. On July 26, 2019 , the defendant, CHRISTOPHER SIMON, was the lessee of the aforesaid 2012 Mercedes motor vehicle bearing  Virginia State license plate number VUF6534.

13. On July 26, 2019 , defendant, CHRISTOPHER SIMON, was responsible for the repair and maintenance of the aforesaid 2012 Mercedes motor vehicle bearing  Virginia State license plate number VUF6534.

14. On July 26, 2019 , defendant CHRISTOPHER SIMON, controlled the aforesaid 2012 Mercedes motor vehicle bearing  Virginia State license plate number VUF6534.

15. On July 26, 2019 , defendant, CHRISTOPHER SIMON, operated the aforesaid 2012 Mercedes motor vehicle bearing Virginia State license plate number VUF6534.

16. On July 26, 2019 , defendant, CHRISTOPHER SIMON, operated the aforesaid 2012 Mercedes motor vehicle bearing Virginia State license plate number VUF6534 on Motor Parkway, at or near Lincoln Avenue, Smithtown, New York.

17. On July 26, 2019 , plaintiff, GUNHEE MATTHEW JEONG was the operator of a 2010 Jeep motor vehicle bearing New York State License Plate number HTS5664.

18. On July 26, 2019 , plaintiff, GUNHEE MATTHEW JEONG operated his 2010 Jeep motor vehicle on Motor Parkway, at or near Lincoln Avenue, Smithtown, New York.

19. Defendant, CHRISTOPHER SIMON, was careless and negligent in the ownership, operation, management, maintenance and control of the aforementioned 2012 Mercedes motor vehicle bearing a Virginia State license plate number VUF6534; in failing to operate properly maintain, repair and care for the aforesaid motor vehicle; in failing to have the aforesaid vehicle under reasonable and proper control; in failing to keep a safe and proper distance form plaintiff's vehicle; in operating his vehicle at a high, dangerous and excessive rate of speed; in failing to observe that plaintiff's vehicle was stopped on the roadway; in failing to keep a proper lookout; in failing to give due and proper warning of the movements of said motor vehicle; in failing to slow or stop said motor vehicle in order to avoid the accident; in failing to heed traffic controls; in failing to signal or give signals; in failing to afford the plaintiff a reasonable opportunity to reach a place of safety; in operating the motor vehicle as to cause the same to come in contact with plaintiff; in proceeding past a red traffic signal; in disregarding a red traffic signal; in failing to stop at a red traffic signal; in so operating the motor vehicle as to cause the same to be in such a position on the premises as to endanger the safety of others, including plaintiff; in operating said motor vehicle at such speed at said location as to cause the same to be of danger to others, and in violating those statutes, ordinances and regulations (of which the Court will take Judicial notice) in such cases made and provided

20.     On July 26, 2019 , at the aforesaid location, the defendant's motor vehicle came into contact with plaintiff's vehicle.

21.     That as a result of the aforesaid collision, Plaintiff, GUNHEE MATTHEW JEONG, was seriously injured.

22.     That as a result of the aforesaid contact, Plaintiff, GUNHEE MATTHEW JEONG, sustained "serious" injuries as such term is defined by Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability. Moreover, the plaintiff is entitled to recover for such economic losses that exceed the basic economic loss.

23.  The aforesaid occurrence and resulting injuries to plaintiff were solely due to the careless, reckless and negligent conduct of the defendant herein, and through no fault or lack of care on the part of the plaintiff contributing thereto.

24.     That by reason of the foregoing and the negligence of the defendant, this plaintiff, GUNHEE MATTHEW JEONG, is informed and verily believes the personal injuries sustained are permanent and she will permanently suffer from the effects of same.

25.  That by reason of the foregoing, plaintiff GUNHEE MATTHEW JEONG, was compelled to seek
and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care, and upon information and belief, the plaintiff will necessarily incur further similar expenses.

 26.     That by reason of the foregoing, plaintiff GUNHEE MATTHEW JEONG, has been unable to attend to his usual occupation and/or avocation in the manner required.

27  Said occurrence and resulting injuries occurred without any fault or wrongdoing on the part of the plaintiff contributing thereto.

**WHEREFORE**, plaintiff, GUNHEE MATTHEW JEONG, demands judgment against the defendant in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Dated:  New York, New York
        July 22, 2020

                                      Yours, etc.,

                                      NAPOLI SHKOLNIK, PLLC

                                      By_____
                                      JED KIRSCH, Esq.
                                      Attorneys for Plaintiff
                                      360 Lexington Avenue, Eleventh Floor
                                      New York, New York 10018
                                      212-397-1000

## ATTORNEY'S VERIFICATION

JED KIRSCH, an attorney licensed to practice in the State of New York, hereby affirms that the following is true, under penalties of perjury, pursuant to Rule 2106 of the CPLR:

I am an associate of the firm of NAPOLI SHKOLNIK PLLC, attorneys for the plaintiff in the within action; I have read the foregoing Summons and Complaint and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me, and not by the plaintiff, is that plaintiff does not reside in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the contents of our office file.

Dated: New York, New York
       July 22, 2020

 

_____
JED KIRSCH